[No. 9136.]

IN RE INTERROGATORIES OF THE HOUSE OF REPRESENTATIVES.

1. CONSTITUTIONAL LAW. Legislative Questions, under sec. 3 of art. VI, of the Constitution, must have reference to pending legislation. (189.)

Questions referring to statutes of long standing, and requiring the determination of the right and duty of certain officials, are not to be determined *ex parte.* (190.)

2. ——*The Attorney General,* is the statutory legal advisor of the legislative and executive departments. (190.)

*Per curiam:*

The Honorable House of Representatives has adopted and transmitted to this court the following resolution:

"*Whereas,* by law of 1901, being section 6094 of Revised Statutes of Colorado of 1908 or section 6883 of

Mills' Annotated Statute 1912 and the sections following, there was created the State Bureau of Child and Animal Protection, and

*Whereas,* under section 4 of article 21, section 34 of article 5, section 11, article 2 and paragraph or subdivision 23 of section 25, article 5 of the Constitution doubt has arisen as to the constitutionality of any appropriation that might be made for the maintenance or the work of said Board, and

*Whereas,* the House of Representatives, realizing the great need of furthering humane, child and animal protection work in our State, desires to promote and effectuate such work, in a constitutional manner,

*Now, Therefore,* Be it Resolved by the House of Representatives that the Supreme Court be and they are hereby requested to decide the question as to whether or not, said Bureau of Child and Animal Protection is a constitutional Bureau or Board, so that appropriations for its work may be made.''

Section 3 of article VI of our Constitution provides that,

''The supreme court shall give its opinion upon important questions upon solemn occasions, when required by the governor, the senate, or the house of representatives; and all such opinions shall be published in connection with the reported decisions of said court.''

In complying with this constitutional mandate, it has repeatedly been held that the duty rested finally upon the court to determine as to the solemnity of the occasion and the importance of the questions propounded.

*In Re Interrogatories of the Senate,* 54 Colo. 166, 129 Pac. 811.

It has been the universal rule in this jurisdiction, that in order to secure answers to legislative questions they must be connected with pending legislation, and re-

late either to the constitutionality thereof, or to matters connected therewith pertaining to purely public rights.

*In Re Senate Bill No.* 65, 12 Colo. 466, 21 Pac. 478. The resolution under consideration does not refer to any pending legislation. It fails to state that any such is pending and is about to pass. It refers to existing laws of long standing. To answer would necessitate the determination of their constitutionality, and the rights of certain persons to perform the duties therein defined. These are questions which this court has heretofore held should not be determined in an *ex parte* proceeding of this kind.

*In Re Senate Resolution No.* 10, 33 Colo. 307, 79 Pac. 1009.

Eliminating any consideration pertaining to the importance of the question and the solemnity of the occasion when this court is required to act, also the fact that the Attorney General is the natural, as well as the statutory, legal advisor of the executive and legislative departments, for the reasons heretofore given by this court upon the other questions referred to, we are not authorized to act in the present instance.

While we readily concede it is our duty to comply with this constitutional provision, and will take pleasure in rendering such assistance to every department of government that we can, in harmony with a sound exposition of the Constitution, yet to place a different interpretation upon it than heretofore given, would, in our opinion, necessarily bring confusion and uncertainty. We respectfully ask the Honorable House to recall the questions propounded.